UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVE IRA ARMSTRONG, | No. 2:12-cv-02227 MCE-EFB |
|---|---|
| Plaintiff, | |
| v. | **SCHEDULING ORDER** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

After reviewing the parties' Joint Status Report, the Court makes the following Scheduling Order.

I. <u>SERVICE OF PROCESS</u>

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II. <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. section 1331. Jurisdiction and venue are not contested.

IV.   ADMINISTRATIVE RECORD

This case is governed by ERISA, therefore, all evidence for trial will be limited to the administrative record. The parties may move to admit evidence outside the administrative record. Defendant shall provide Plaintiff a copy of the entire administrative record by **May 5, 2014**. Plaintiff shall file any objections to the adequacy of the Administrative Record by **June 5, 2014**. If the parties are unable to resolve any dispute concerning the completeness or adequacy of the Administrative Record, any motion must be filed by **June 26, 2014**. Any oppositions and replies shall be filed in accordance with Local Rule 230. Defendant shall certify and lodge an electronic copy of the complete Administrative Record on CD/DVD or portable hard drive with the Court by **August 7, 2014**.

V.   MOTION HEARING SCHEDULE

The parties' opening briefs shall be filed by **August 7, 2014**. Oppositions shall be filed by **September 4, 2014**. Hearing on such motions shall be on **September 18, 2014, at 2:00 p.m.** All papers should be filed in conformity with the Local Rules.

All purely legal issues are to be resolved by timely pretrial motions. Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

For the Court's convenience, citations to the Supreme Court Lexis database should include parallel citations to the Westlaw database.

## VI. MODIFICATION OF SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Scheduling Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone to modify the Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

## VII. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) court days of service of this Order.

IT IS SO ORDERED.

Dated:  April 9, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT