UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE IRA ARMSTRONG, | No.  2:12-cv-02227-MCE-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

On August 27, 2012 Plaintiff Steve Ira Armstrong ("Plaintiff") filed a Complaint pursuant to Section 502(a) of Employee Retirement Income Security Act ("ERISA"). ECF No. 1.  On May 8, 2014, Defendant Hartford Life & Accident Insurance Company ("Defendant") filed a Motion for Summary Judgment on the grounds that Plaintiff's action is barred by a three-year contractual limitations period.  ECF No. 13.  Plaintiff failed to file an opposition or statement of non-opposition to Defendant's Motion in violation of Local Rule 230(c).  On May 30, 2014, the Court vacated the June 12, 2014 motion hearing and ordered Plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 15.  Plaintiff's counsel filed a Response in which he stated that he missed the deadline "because of other commitments in May which included going to [his] daughter's graduation from Humboldt

1

1   State University and running for Judge and [that he] intended to seek a Stipulation

2   allowing more time, [but] unfortunately, failed to do so."  Response, ECF No. 17.

3   Plaintiff's counsel also stated that upon receiving the Court's order to show cause "and

4   the election having been decided [he] was able to spend time reviewing and preparing

5   the Opposition."  Id.[1]  Plaintiff's counsel asks the Court to permit the late filing of his

6   Opposition due to counsel's "oversight."  Id.  Defendant filed Objections to Plaintiff's

7   Response.  ECF No. 18.

8         Pursuant to Federal Rule of Civil Procedure 6(b), the Court may only extend the

9   time in which Plaintiff may file an Opposition, for good cause "on [a] motion made after

10   the time has expired if the party failed to act because of excusable neglect."  See Lujan

11   v. National Wildlife Federation, 497 U.S. 871, 896 (1990); Hill v. England, CV F 036903

12   LJO TAG, 2007 WL 3132930, at *2 (E.D. Cal. Oct. 23, 2007) (citing Lujan, 497 U.S. at

13   896) (emphasis in original) (explaining that the Supreme Court has noted that "although

14   extensions before expiration of the time period may be 'with or without motion or notice,'

15   any post deadline extension must be 'upon motion made'").

16         Plaintiff's counsel's explanation for the late filing of an opposition is inadequate.

17   Plaintiff's Response demonstrates neither good faith nor reasonable failure to comply

18   with deadlines to file opposition papers or to seek an extension.  In fact, Plaintiff's

19   Response reflects that counsel was well aware of Defendant's pending summary

20   judgment motion and chose to ignore, or, at a minimum, chose to delay addressing the

21   motion until after opposition papers were due and the Court issued an order to show

22   cause.

23         Moreover, Plaintiff's counsel has demonstrated ignorance or disobedience of this

24   Court's rules and process for which he should not be rewarded.  Based on Plaintiff's

25   Response, it appears that Plaintiff's counsel's conduct may not be mere negligence, but

26   that he may have "cavalierly elected by intent or culpable ignorance to allow the

27

28

_____

[1]   Plaintiff attached a copy of his opposition to the motion, the response to the separate statement of undisputed facts, and a proposed order to his Declaration.  See ECF Nos. 17-1, 17-2, 17-3.  As explained in this Order, the Court declines to permit the filing of these untimely documents at this time.

2

1    opposition deadline to pass with inaction." Hill, 2007 WL 3132930, at *3 (applying

2    "excusable neglect" standard to plaintiff's request to file an untimely opposition to

3    defendant's summary judgment motion). Cf. Tolentino v. Mossman, 2:07-CV-1243-GEB-

4    DAD, 2008 WL 636938, at *1 (E.D. Cal. Mar. 6, 2008) (granting leave to file an untimely

5    Opposition despite plaintiffs' counsel's negligence because there was no indication that

6    Plaintiffs' counsel did not act in good faith).[2]

7         Plaintiff's request for leave to file a late opposition is DENIED WITHOUT

8    PREJUDICE. Plaintiff is granted one final opportunity to show cause as to why this

9    action should not be dismissed. Plaintiff may (but is not required to) file a motion, in

10   accordance with the local rules, for an extension of time in which Plaintiff may file an

11   Opposition, for good cause. In any such motion, Plaintiff must demonstrate that he

12   failed to act because of excusable neglect. See, e.g., Pincay, 389 F.3d at 855. If no

13   such motion is filed within twenty (20) days of the electronic filing of this order, this action

14   will be dismissed with prejudice without further notice to the parties.

15        IT IS SO ORDERED.

16   Dated: June 30, 2014

17

18

19   _____
     MORRISON C. ENGLAND, JR, CHIEF JUDGE
20   UNITED STATES DISTRICT COURT

21

22

23

24

25        [2] The determination whether "excusable neglect" has been established is made by balancing four
     factors: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential
26   impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable
     control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews,
27   389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507
     U.S. 380, 395 (1993)). "[E]xcusable neglect includes 'situations in which the failure to comply with a filing
     deadline is attributable to negligence.'" Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir.1996) (quoting
28   Pioneer, 507 U.S. at 394).