1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   STEVE IRA ARMSTRONG,              No.  2:12-cv-02227-MCE-EFB

12              Plaintiff,

13        v.                           **MEMORANDUM AND ORDER**

14   HARTFORD LIFE & ACCIDENT
     INSURANCE COMPANY,
15
16              Defendant.

17

18        On August 27, 2012, Plaintiff Steve Ira Armstrong ("Plaintiff") filed a Complaint

19   pursuant to Section 502(a) of the Employee Retirement Income Security Act ("ERISA").

20   ECF No. 1.  On May 8, 2014, Defendant Hartford Life & Accident Insurance Company

21   ("Defendant") filed a Motion for Summary Judgment on the ground that Plaintiff's action

22   is barred by a three-year contractual limitations period.  ECF No. 13.  Plaintiff failed to

23   file an opposition or statement of non-opposition to Defendant's Motion in violation of

24   Local Rule 230(c).  On May 30, 2014, the Court vacated the June 12, 2014, motion

25   hearing and ordered Plaintiff to show cause why this case should not be dismissed

26   pursuant to Federal Rule of Civil Procedure 41(b).[1]  ECF No. 15.  Plaintiff's counsel filed

27   _____

28        [1]  All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
     otherwise stated.

1  a timely Declaration in response to the order to show cause, in which he sought

2  permission to file a late response to Defendant's Motion due to his "oversight."  See ECF

3  No. 17.  Plaintiff attached a copy of his proposed opposition to Defendant's motion, a

4  proposed response to Defendant's separate statement of undisputed facts, and a

5  proposed order.  See ECF Nos. 17-1, 17-2, 17-3.

6      On July 1, 2014, the Court denied Plaintiff's request without prejudice because it

7  was procedurally deficient and because his Declaration did not provide sufficient

8  information to allow the Court to determine whether Plaintiff's failure to oppose

9  Defendant's Motion amounted to "excusable neglect."  Order, ECF No. 20.

10     On July 17, 2014, Plaintiff filed a Motion for a 30-day extension of time to file an

11  Opposition to Defendant's Motion for Summary Judgment.  ECF No. 22.  Defendant filed

12  a timely Opposition.  See ECF No. 24.  For the following reasons, Plaintiff's Motion is

13  GRANTED IN PART.[2]

14

15                                          **STANDARD**

16

17     An "extension of a time limitation must be for good cause shown."  Hill v. England,

18  2007 WL 3132930, at *2 (E.D. Cal. Oct. 23, 2007) (citing Lujan v. Nat'l Wildlife Fed'n,

19  497 U.S. 871, 896 (1990)).  "[A]lthough extensions before expiration of the time period

20  may be 'with or without motion or notice,' any postdeadline extension must be 'upon

21  motion made,' and is permissible only where the failure to meet the deadline 'was the

22  result of excusable neglect.'"  Lujan, 497 U.S. at 896; see McLaughlin v. City of

23  LaGrange, 662 F.2d 1385, 1387 (11th Cir.1981) (citing Fed. R. Civ. P. 6(b)(2)).

24  Excusable neglect under Rule 6(b)(2) requires "a demonstration of good faith by the

25  parties seeking the enlargement . . . [and] a reasonable basis for not complying within

26  ///

27  _____

28      [2]  Because oral argument would not be of material assistance, the Court ordered this matter
submitted on the briefs.  E.D. Cal. Local R. 230(g).  See ECF No. 29.

the specified period." In re Four Seasons Sec. Laws Litig., 493 F.2d 1288, 1290 (10th Cir. 1974).

Whether "excusable neglect" has been established is determined by balancing four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)); see Tolentino v. Mossman, 2:07-CV-1243-GEB-DAD, 2008 WL 636938, at *1 (E.D. Cal. Mar. 6, 2008) (granting leave to file an untimely opposition despite counsel's negligence because there was no indication that counsel did not act in good faith). "A solo practitioner's 'busy practice' and preparation of other cases does not establish excusable neglect under [Rule 6(b)(2).]" Hill, 2007 WL 3132930, at *2; (citing McLaughlin, 662 F.2d at 1387). Indeed, the lack of an acceptable explanation for failure to act earlier warrants denial of Rule 6(b) relief. However, "excusable neglect includes 'situations in which the failure to comply with a filing deadline is attributable to negligence.'" Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir. 1996) (quoting Pioneer, 507 U.S. at 394). "In the end, this is a decision committed to the discretion of the district court." In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 974 (9th Cir. 2007).

**ANALYSIS**

Here, Plaintiff violated Rule 6 by seeking to file a postdeadline extension without a noticed hearing. Accordingly, his extension request was denied as defective. Order, ECF No. 20. In addition, the Court rejected Plaintiff's initial Response because he failed to adequately explain his late filing. Indeed, Plaintiff's counsel stated only that he missed the deadline "because of other commitments in May which included going to [his] daughter's graduation from Humboldt State University and running for Judge and [that

3

1  he] intended to seek a Stipulation allowing more time, [but] unfortunately, failed to do

2  so." ECF No. 17. As such, the Court explained that Plaintiff's Response

3  "demonstrate[d] neither good faith nor reasonable failure to comply with deadlines to file

4  opposition papers or to seek an extension." ECF No. 20 at 2. However, the Court

5  permitted Plaintiff one final opportunity to demonstrate that the failure to oppose

6  Defendant's Motion for Summary Judgment was due to excusable neglect.

7      Thereafter, on July 17, 2014, Plaintiff filed a noticed Motion for an extension of

8  time. As explained below, Plaintiff's counsel now admits that he "forgot" to calendar

9  Defendant's Motion for Summary Judgment, which resulted in his failure to file a timely

10 response in violation of Local Rule 230(c). Mot., ECF No. 22. In addition, as he did in

11 his initial Response, Plaintiff explains that his failure to file a timely Opposition was also

12 due to counsel's familial and personal obligations, as well as his preparation of other

13 cases. Id.; ECF No. 27.[3]  Through the instant Motion, Plaintiff seeks an extension of

14 time "on the grounds that his attorney's failure to [calendar] a response to the motion

15 was excusable neglect when he put it aside on his desk to call the opposing counsel to

16 ask for a stipulation for an extension and then forgot to do so . . ." ECF No. 22.

17     A review of the four Pioneer factors supports granting Plaintiff's motion. With

18 respect to the first factor, the danger of prejudice to the non-moving party, Defendant

19 contends that prejudice "can be assumed from the amount of time Plaintiff has

20 unnecessarily delayed in taking any action in this lawsuit since it was filed." Opp'n, ECF

21 No. 24 at 19.

22 ///

23 ///

24 ///

25 ///

26  [3] As noted in Defendant's Objections, in his Reply, Plaintiff "offer[ed] new reasons and evidence .

27 . . including that his counsel was busy with court filings and other cases" in support of his Motion.
Objections, ECF No. 28. However, "a district court need not consider arguments raised for the first time in
a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Therefore, the Court declines to

28 consider this new alleged basis for Plaintiff's late filing and strikes Plaintiff's declaration (ECF No. 27-1).

However, given that Plaintiff's response to the Court's OSC and subsequent motion for an extension of time were timely filed, the Court finds that Defendant has suffered little prejudice, if any, from the delay in this Court hearing its Motion for Summary Judgment.[4] Similarly, as to the length of the delay and its potential impact on judicial proceedings, the Court finds that re-setting Defendant's Motion for Summary Judgment for the next available civil calendar will result in a relatively short delay which will have little impact on the length of the judicial proceedings in this matter.[5]

Finally, as to the final and most important of the <u>Pioneer</u> factors – the reason for the delay and whether Plaintiff's conduct was in good faith – the Court finds that counsel's explanation of his personal and familial commitments weighs against a finding of excusable neglect. However, counsel's admission that he forgot to calendar the motion, which resulted in his subsequent failure to call opposing counsel to ask for a stipulation for an extension, is an example of careless, negligent behavior amounting to excusable neglect. <u>Cf. Marx</u>, 87 F.3d at 1054 (explaining that "excusable neglect includes situations in which the failure to comply with a filing deadline is attributable to negligence") (internal citation omitted). Moreover, although Plaintiff failed to file a timely Opposition to Defendant's Motion for Summary Judgment in violation of the local rules, he has not demonstrated a "repeated failure to comply with the local rules" that would result in a finding of bad faith. <u>Radcliffe v. JPMorgan Chase Bank NA</u>, 561 F. App'x 622, 623 (9th Cir. 2014) (explaining that "[c]ounsel's repeated failure to comply with the local

---

[4] Moreover, regardless of whether Plaintiff is permitted to file an Opposition to Defendant's Motion for Summary Judgment, Defendant has not shown that it will be prejudiced. A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. <u>See, e.g.</u>, <u>Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995). Thus, even if the Court were to deny Plaintiff's instant motion, the Court would nonetheless engage in a substantive analysis of Defendant's Motion for Summary Judgment. Therefore, regardless of the Court's ruling on Plaintiff's motion, the Court's underlying analysis of Defendant's Motion for Summary Judgment would not be affected.

[5] As explained below, Plaintiff must file his Opposition and accompanying documents by September 4, 2014, in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. <u>See, e.g.</u>, E.D. Cal. Local Rs. 230, 260; <u>see also</u> ECF No. 20 at 2 n.1 (explaining that the Court did not permit Plaintiff's filing of his 6/09/2014 proposed opposition). The Court cautions Plaintiff that any further late filings will result in sanctions and/or dismissal, particularly because, as Plaintiff notes, his Opposition as to Defendant's Motion "already exists." ECF No. 27 at 7; <u>see</u> ECF No. 17-1, 17-2, 17-3.

1    rules supported the district court's discretionary determination" as to the third and fourth

2    <u>Pioneer</u> factors).  Thus, even though Plaintiff's counsel knew of the deadline for the

3    Opposition and subsequently forgot to take action, the Court finds that because Plaintiff

4    has not demonstrated a repeated failure to comply with the local rules, he has acted in

5    good faith.  Furthermore, given that Plaintiff timely complied with the Court's OSC and

6    subsequent deadline for filing a motion for an extension of time, the Court finds that

7    Plaintiff has acted in good faith by complying with the Court's subsequent orders, despite

8    his admitted negligence.  <u>Cf.</u> <u>Radcliffe</u>, 561 F. App'x at 623 (noting that the repeated

9    failure to comply with the rules of court support a finding of bad faith).

10    Therefore, because Plaintiff's counsel's failure to timely oppose Defendant's

11    Motion was due to his counsel's admitted negligence and carelessness, the Court finds

12    that these factors, on balance, weigh slightly in Plaintiff's favor.  <u>See</u> <u>Pioneer Inv. Servs.</u>

13    <u>Co.</u>, 507 U.S. at 388 (noting that excusable neglect includes not only "faultless

14    omissions to act" but also "more commonly, omissions caused by carelessness").

15    Therefore, upon consideration of the four <u>Pioneer</u> factors, the Court grants in part and

16    denies in part Plaintiff's Motion.

17

18                                **CONCLUSION**

19

20    Plaintiff's motion for a 30-day extension of time to file an Opposition to

21    Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED IN PART in that

22    Plaintiff is granted an extension of time to file an Opposition, but DENIED IN PART in

23    that the Court does not grant Plaintiff an extension of thirty days.  The hearing on

24    Defendant's Motion for Summary Judgment (ECF No. 13) is RESET for Thursday,

25    September 18, 2014, at 2:00 p.m. in Courtroom 7.  Plaintiff's Opposition to Defendant's

26    Motion for Summary Judgment must be filed not later than September 4, 2014.

27    Defendant's Reply, if any, must be filed not later than September 11, 2014.  Plaintiff is

28    cautioned that the failure to file a timely opposition (or statement of non-opposition) by

1   September 4, 2014, in violation of this Order and Local Rule 230(c), may result in

2   monetary sanctions and will result in the dismissal of this action with prejudice without

3   further notice to the parties for Plaintiff's noncompliance with this Court's order and the

4   local rules, as well as for lack of prosecution.

5       IT IS SO ORDERED.

6   Dated:  August 19, 2014

7

8

9                                                    _____

10                              MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7