UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE IRA ARMSTRONG,<br><br>            Plaintiff,<br><br>     v.<br><br>HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,<br><br>            Defendant. | No. 2:12-cv-02227-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

On August 27, 2012, Plaintiff Steve Ira Armstrong ("Plaintiff") filed a Complaint pursuant to Section 502(a) of the Employee Retirement Income Security Act ("ERISA"). ECF No. 1. Presently before the Court is Defendant Hartford Life & Accident Insurance Company's ("Defendant") Motion for Summary Judgment ("Motion") on the grounds that Plaintiff's action is barred by a three-year contractual limitations period. ECF No. 13. Plaintiff opposes Defendant's Motion. ECF No. 31. For the following reasons, Defendant's Motion is GRANTED.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g). See ECF No. 33.

1

# BACKGROUND[2]

Plaintiff seeks payment of $250,000 in benefits under an ERISA-governed accidental death and dismemberment ("AD&D") policy (the "Policy") issued by Defendant to the California Correctional Peace Officers Association ("CCPOA") Benefit Trust Fund as part of a welfare benefit plan.  Compl., ECF No. 1.  Plaintiff's wife, Helen Armstrong ("Decedent"), participated in the plan as a dues-paying member of the CCPOA.  ECF No. 10 at 2.  Plaintiff was designated as the beneficiary under the Policy.  Pl.'s Responses, ECF No. 31-2 ¶ 3.  Decedent died on December 7, 2007.  Id. ¶ 4.  Plaintiff initiated the instant lawsuit on August 27, 2012.  Compl., ECF No. 1.

Under the Policy, proof of loss "must be sent to [Defendant] in writing within 90 days after: a) the end of a period of [Defendant's] liability for periodic payment claims; or 2) the date of the loss for all other claims. If the claimant is not able to send it within that time, it may be sent as soon as reasonably possible without affecting the claim.  The time allowed cannot exceed one year unless the claimant is legally incapacitated."  Pl.'s Responses, ECF No. 31-2 ¶ 5; see Exh. 1 to Rose Decl., ECF No. 13-3 at 36 (AR 212).  The Policy also states that a claimant "cannot take legal action against [Defendant]: a) before 60 days following the date proof of loss is sent to [Defendant];  b) after 3 years following the date proof of loss is due."  Pl.'s Responses, ECF No. 31-2 ¶ 6; see Exh. 1 to Rose Decl., ECF No. 13-3 at 37 (AR 213).  Defendant received a "Proof of Loss – Accidental Death" form that was signed by Plaintiff on October 29, 2008, by which he sought accidental death benefits under the Policy as a result of Decedent's passing.  Pl.'s Responses, ECF No. 31-2 ¶ 7.  After reviewing and evaluating the claim, by letter dated April 14, 2009, Defendant informed Plaintiff that the accidental death claim was

---

[2] Plaintiff's Reponses (ECF No. 31-2) to Defendant's Separate Statement of Undisputed Facts (ECF No. 13-1) will be abbreviated as "Pl.'s Responses."   This section recites only the facts which are relevant to the Court's disposition of the instant Motion.  Additional facts may be found in the parties' February 13, 2014, Joint Status Report (ECF No. 10).

not payable. Id. ¶ 8.³  The letter also informed Plaintiff of his right to appeal under ERISA. Id.  Defendant received a June 15, 2009, letter from Plaintiff's counsel which appealed the denial of Plaintiff's accidental death claim. Id. ¶ 9.  By letter dated August 27, 2009, Defendant denied Plaintiff's appeal. Id. ¶ 10; see ECF No. 13-3.  Defendant also informed Plaintiff that he "is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to [his] claim. [Plaintiff] may bring a civil action under [ERISA]."  Pl.'s Responses, ECF No. 31-2 ¶ 11; see ECF No. 13-3.  The letter also stated: "[p]lease be advised that our claim decision is now final as administrative remedies available under the policy have been exhausted."  Pl.'s Responses, ECF No. 31-2 ¶ 11.

Thereafter, Defendant received and responded to multiple inquiries from the California Department of Insurance ("DOI") regarding Plaintiff's claim under the Policy. Pl.'s Responses, ECF No. 31-2 ¶¶ 12-15, 17-19. On January 5, 2012, Plaintiff's counsel attempted to submit additional information in support of Plaintiff's accidental death claim. Pl.'s Responses, ECF No. 31-2 ¶ 20.  On February 16, 2012, Defendant advised Plaintiff it had already upheld its decision on appeal and that as of August 27, 2009, Plaintiff had exhausted all of his administrative remedies under the Policy, and it reminded Plaintiff that he had the right to file suit under ERISA. Id. ¶ 21.

Through the instant Motion, Defendant contends that Plaintiff's action is barred by the three-year contractual limitations period in the policy.  Specifically, Defendant contends that because Plaintiff failed to file suit against Defendant by March 7, 2011 – within three years of his proof of loss deadline under the terms of the plan – the Court should find in its favor.  The Court agrees, and Defendant's Motion is GRANTED.

---

³ Plaintiff claims that Decedent's death was accidental because it resulted directly from exposure to an infection of methicillin-resistant staphylococcus aureus ("MRSA") that allegedly occurred at her job as a licensed vocational nurse in a youth correctional facility.  Defendant contends that Decedent's death did not result directly from accident.  In its denial of Plaintiff's appeal, Defendant stated that Decedent "suffered respiratory arrest with underlying causes of intracranial hemorrhage and saccular aneurysm." ECF No. 13-3 (Ex. 5).  Because the underlying merits of Plaintiff's claim are not at issue in the instant Motion, the Court does not address whether Decedent's death occurred as a result of an injury which would qualify her for the Policy. See Mot., ECF No. 13 at 7 n.2.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.  In other words, the judge needs to answer the preliminary question

before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Id. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original).  As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.  Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. 87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

For the purposes of the instant Motion, the Court need only determine whether Plaintiff's action is barred by the three-year contractual limitations period.  Defendant contends that Plaintiff's action accrued on March 7, 2008, 90 days after Decedent's death.  Therefore, according to Defendant, the contractual limitations period expired on March 7, 2011, and because Plaintiff did not file suit until August 27, 2012, more than 17 months after the contractual limitations period expired, the Court must find in Defendant's favor.  In opposition, Plaintiff contends that Defendant waived its right to enforce the three-year contractual period to the extent it began accruing on March 7, 2008.  Plaintiff also argues that the denial of Plaintiff's claim did not occur until the

conclusion of administrative review on August 27, 2009, when Defendant advised Plaintiff that it denied his appeal and that his "claim decision [was] now final." ECF No. 13-3 at 62-65 (Exhibit 5; AR 021-024).

### A. Applicability of the Policy's Contractual Limitations Period

"There are two parts to the determination of whether a claimant's ERISA action is timely filed: . . . first whether the action is barred by the applicable statute of limitations, and second whether the action is contractually barred by the limitations provision in the policy." Withrow v. Halsey, 655 F.3d 1032, 1035 (9th Cir. 2011). Here, Defendant does not argue that Plaintiff's action is barred by the applicable statute of limitations; rather, Defendant argues only that Plaintiff's action is contractually barred by the limitations provision in the Policy. Mot., ECF No. 13 at 15.

"Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S. Ct. 604, 610 (2013). The parties may "agree not only to the length of a limitations period but also to its commencement." Id. at 611. Thus, the contractual limitations "begins to run as defined by the plan's terms." Koblentz v. UPS Flexible Employee Ben. Plan, 2013 WL 4525432 at *3 (S.D. Cal. Aug. 23, 2013), appeal dismissed (Feb. 28, 2014). "Terms in ERISA insurance policies should be interpreted in an ordinary and popular sense as would a person of average intelligence and experience. Ambiguous language is construed in favor of the insured and against the insurer. However, if a reasonable interpretation favors the insurer and finding another interpretation would be strained, the court is not to torture or twist the language of the policy." Id. (internal citations and quotation marks omitted).

///
///
///
///

Here, as set forth above, Decedent's policy provided that no legal action may be brought "after 3 years following the date proof of loss is due." Pl.'s Responses, ECF No. 31-2 ¶ 6; see Exh. 1 to Rose Decl., ECF No. 13-3 at 37 (AR 213).[4] The proof of loss provision of the Policy states that this proof of loss must be furnished "in writing within 90 days after: a) the end of a period of our liability for periodic payment claims; or 2) the date of the loss for all other claims. If the claimant is not able to send it within that time, it may be sent as soon as reasonably possible without affecting the claim. The time allowed cannot exceed one year unless the claimant is legally incapacitated." Pl.'s Responses, ECF No. 31-2 ¶ 5; see Exh. 1 to Rose Decl., ECF No. 13-3 at 36 (AR 212).[5] Both provisions are required by California law. See Cal. Ins. Code §§ 10350.7, 10350.11.

The parties do not dispute the relevant dates. See Pl.'s Responses, ECF No. 31-2 ¶¶ 22-24. Decedent died on December 7, 2007, making the ninetieth day after the date of her passing March 7, 2008. Three years after March 7, 2008 was Monday, March 7, 2011. Plaintiff filed this lawsuit on August 27, 2012. ECF No. 1. Therefore, the undisputed facts demonstrate that Plaintiff did not file the instant lawsuit within the three-year Policy period. Because the Court finds that the contractual limitations period at issue is not unreasonably short and is not controlled by any other statute, Plaintiff's ERISA action is untimely.

As an initial matter, under the facts of this case, the three-year period at issue is not unreasonably short. Indeed, Plaintiff appears to concede this point. See Opp'n,

---

[4] Plaintiff purports to deny this fact. Pl.'s Responses, ECF No. 31-2 ¶ 6. However, Plaintiff does not actually deny the policy language, but rather merely points out that this policy language "is not a statute of limitations." Id. On that point, Plaintiff is correct; the statute of limitations for this ERISA is four years. See Wetzel v. Lou Ehlers Cadillac Grp., 222 F.3d 643,648 (9th Cir. 2000). However, the statute of limitations is not at issue, but rather whether Plaintiff's action is barred by the contractual limitations period. See Mot., ECF No. 13 at 15. An ERISA action may be barred by the applicable statute of limitations and/or the limitations provision in the policy. Withrow, 655 F.3d at 1035.

[5] Again, Plaintiff purports to deny this fact. Pl.'s Responses, ECF No. 31-2 ¶ 3. However, as above, Plaintiff does not deny this policy language; rather, he merely points out the undisputed fact that the "Proof of loss not filed until October 29, 2008 . . . which was 328 days after her death and the claim was not objected to by Defendant." Id.; see id. ¶ 7.

ECF No. 31 at 7-8.  On April 14, 2009, Defendant denied Plaintiff's claim and informed him of his right to appeal.  Pl.'s Responses, ECF No. 31-2 ¶ 8.  Under the Policy, Plaintiff was not required to bring the instant action until March 7, 2011 – giving him approximately 690 days to commence legal action.  Id. ¶ 23.  In fact, as of August 27, 2009, when Defendant denied Plaintiff's final appeal and informed Plaintiff that he had exhausted his administrative remedies, Plaintiff still had approximately 555 days to commence legal action.  See Reply, ECF No. 32 at 10-11 (explaining that "[Plaintiff] had 17 months to file suit after [Defendant] issued its final denial on the claim, but, despite already being represented by counsel, he chose not to do so").[6]  Courts addressing similar limitations periods have consistently found them to be reasonable in the context of ERISA actions.  See, e.g., Heimeshoff, 134 S. Ct. at 613 n.4 (stating that an administrative review period of 15 to 16 months "leaves ample time for filing suit"); Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872–75 (7th Cir.1997) (finding similar three-year contractual limitations provision reasonable); see also Upadhyay v. Aetna Ins. Co., 2014 WL 186709 at *6 (N.D. Cal. Jan. 16, 2014).

However, the Court must also determine whether a "controlling statute" prevents the contractual limitations provision from taking effect.  Heimeshoff, 134 S. Ct. at 606.  Here, Plaintiff neither claims that ERISA's text or regulations preclude the Policy's limitation provision nor points to any authority that contradicts the Policy's limitation provision.  Further, the Court is not aware of any authority suggesting that a "controlling statute" prevents the Policy's three-year limitations provision from taking effect.  Accordingly, the Court finds that no controlling statute prevents the Policy's three-year limitations provision from taking effect.

///
///
///

---

[6] As Defendant explains, "[e]ven if the policy considered the date Plaintiff submitted his claim as the limitations start date, which it does not, the period would have expired in late October 2011, well before he filed suit in late August 2012."  Reply, ECF No. 32 at 10 n.3.

Therefore, because the Policy's three-year contractual limitations period is not unreasonably short, and there appears to be no "controlling statute" preventing the limitations provision from taking effect, the Court finds that the Policy's three-year contractual limitations period is enforceable.

### B.     Waiver of the Contractual Limitations Period

In his Opposition, Plaintiff makes several disjointed attempts to argue that Defendant has waived the enforcement of the contractual limitations period and that the period did not begin until August 27, 2009, when Defendant denied Plaintiff's final appeal.  Plaintiff is incorrect.

First, Plaintiff argues that because Defendant did not reject his October 29, 2008, proof of loss as "untimely," Defendant waived its right to enforce the three-year period commencing on March 7, 2008, the 90th day after Decedent's death.  Opp'n, ECF No. 31 at 6.  Specifically, Plaintiff alleges that Defendant's "failure to insist upon the proof of loss being filed in a timely fashion and the fact that no reference had ever been made to the claim being rejected for that reason" is tantamount to misconduct that results in waiver.  Opp'n, ECF No. 31 at 9.  However, as Defendant points out, Plaintiff's argument that Defendant should have "objected to his self-described 'late' claim, submitted after the initial 90-day time frame for filing proof of loss, is a red herring."  Reply, ECF No. 32 at 6.  Whether Plaintiff's proof of loss was timely is not at issue, but rather whether the instant matter – the resulting legal action - is timely.  Under the Policy's provisions, Plaintiff's October 29, 2008, proof of loss, although not submitted within the 90-day period after Decedent's death, was submitted within the one-year grace period.  See Pl.'s Responses, ECF No. 31-2 ¶ 5.  Thus, as Defendant explains, Plaintiff's proof of loss was never considered late.[7]  However, the Policy also clearly states that a claimant "cannot take legal action . . . after 3 years following the date proof of loss <u>is due</u>."  Pl.'s

---

[7] In fact, as Defendant explains, "Plaintiff submitted his claim in October 2008, about 10 months after [Decedent's] death and sufficiently within the one-year grace period to be timely. [Defendant] therefore properly evaluated and denied his claim because he did not establish an accidental death covered by the policy terms."  Reply, ECF No. 32 at 10.

9

Responses, ECF No. 31-2 ¶ 6 (emphasis added).  Under the relevant Policy language, as Defendant succinctly points out, the three-year contractual limitations period commenced on March 7, 2008 - regardless of whether Plaintiff submitted proof of loss within that time frame.  Reply, ECF No. 32 at 10.  This is because the "policy does not permit the limitations period to start when Plaintiff sent [Defendant] his proof of loss."  Id.  Regardless, even if it did, Plaintiff's instant action would still be untimely.  See id. at 10 n.3.  Cf. Upadhyay, 2014 WL 186709 at *5-6 (finding an ERISA action untimely under the provisions of the plan where the claim was filed after the contractual limitations period ended).  Moreover, as the Supreme Court explained in Heimeshoff, "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan."  Id. at 611-12.  In fact, the "focus on the written terms of [an ERISA] plan is the linchpin of 'a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'"  Id. (citing Varity Corp. v. Howe, 516 U.S. 489, 497 (1996)).  In this context, Plaintiff's waiver argument is particularly weak.

In Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan, 749 F.3d 746, 753 (9th Cir. 2014), the Ninth Circuit explained that

> [w]hile the doctrine of waiver may be applied to prevent 'insurers from denying claims for one reason, then coming forward with several other reasons after the insured defeats the first' and to provide 'insurers with an incentive to investigate claims diligently,' such an incentive is not needed when it comes to statutes of limitation defenses.

Accordingly, the Gordon court did not find waiver where a statute of limitations was never the basis for insurer's denial of an ERISA claim.  Id.  Similarly, here, as Plaintiff admits, that Defendant denied the claim on the grounds that Decedent's death did not result directly from accident and independently of all other causes.  Thus, Defendant did not waive its contractual limitations.[8]

---

[8] Nor could Defendant have raised the untimeliness of Plaintiff's lawsuit at that time.  See Upadhyay, 2014 WL 186709, at *3.

Next, Plaintiff's argument that Defendant misled him and invited detrimental reliance by allegedly referring him to the statute of limitations rather than the contractual limitations period is easily dispatched. Plaintiff's argument finds no support in fact or law. Defendant's initial denial letter merely advised Plaintiff of his ERISA appeal rights, and the final denial letter stated that Plaintiff had exhausted his administrative remedies and could file suit under ERISA Section 502(a). The letters never referenced any statute of limitations nor invited Plaintiff to disregard the Policy language. Moreover, as Defendant points out, the ERISA regulations <u>required</u> Defendant to notify Plaintiff of his right to sue under ERISA Section 502(a) in the final denial. <u>See</u> 29 C.F.R. § 2560.503-1(j) (explaining that "[i]n the case of an adverse benefit determination, the notification shall set forth . . . [among other things:] [t]he specific reason or reasons for the adverse determination [and] . . . a statement of the claimant's right to bring an action under section 502(a) of the Act"). In addition, the ERISA regulations did not require Defendant to remind Plaintiff of the contractual limitations period and courts have refused to require that administrators inform participants separately of time limits already contained within the plan. <u>See id.</u>; <u>Scharff v. Raytheon Co. Short Term Disability Plan</u>, 581 F.3d 899, 907-908 (9th Cir. 2009); <u>Freeman v. Am. Airlines, Inc. Long Term Disability Plan</u>, 2014 WL 690207 at *4-5 (C.D. Cal. Feb. 20, 2014) (explaining that ERISA regulations did not require that a provider supply notice of the plan's two-year contractual limitations period for filing a civil action under ERISA).[9]

Finally, Plaintiff now contends that his lawsuit is timely because it was filed within three years of "Defendant's <u>final</u> decision that the proof of loss/claim was being denied," which he contends is a reasonable interpretation of the Policy language. Opp'n, ECF No. 31 at 3-4 (emphasis added). More specifically, Plaintiff asserts that "[a] reasonable interpretation of the policy and the conduct of the insured and the insurer indicates that if a three-year statute were applied, it would be applied to when the proof of loss was

---

[9] Plaintiff's arguments that Defendant is estopped from asserting its contractual limitations defense and that the underlying agreement was a "contract of adhesion" similarly fail because they are without legal or factual support.

finally denied by insurer which was August 27, 2009, and Plaintiff's Complaint would be timely under that interpretation." Id. at 3.  However, Plaintiff points to no language within the Policy or any legal authority to support his interpretation.  Even if the three-year contractual limitations period began when Plaintiff's claim was denied (and it did not for reasons set forth above), Defendant denied Plaintiff's claim on April 14, 2009.  Any reconsideration of that decision through the time of the denial of Plaintiff's appeal on August 27, 2009, did not revive or toll the contractual limitations period.  Cf. Gordon, 749 F.3d at 751 (explaining that "[u]nder Ninth Circuit law, MetLife's reopening of Gordon's claim file in 2009 does not in and of itself revive the statute of limitations. . . . Reviving a limitation period when an insurance company reconsiders a claim after the limitation period has run would discourage reconsideration by insurers even when reconsideration might be warranted").  Thus, Plaintiff's interpretation of the Policy may be rejected as it is not premised on any language from the Policy or any legal support.[10]  In any event, under the undisputed Policy language, the three-year contractual limitations period commenced on March 7, 2008, not on April 14, 2009, when the claim was denied or on August 27, 2009, when the appeal was denied.  Plaintiff's instant action is thus barred by the three-year contractual limitations period.[11]

///

///

///

---

[10] The Court notes that in the parties' February 12, 2014, Joint Status Report, Plaintiff presented an additional basis to support his contention that the three-year contractual period does not apply to the Policy at issue.  At that time, it was Plaintiff's "position that [Defendant] extended the period of investigation by reconsidering the claim after August 27, 2009." ECF No. 10 at 3.  Now, in his Opposition, Plaintiff states that he "does not believe the Defendant's responses to the Department of Insurance tolled Plaintiff's rights."  Opp'n, ECF No. 31 at 13.  See Gordon, 749 F.3d at 751.

[11] In fact, Plaintiff's failure to bring this action within the three-year contractual period appears to be the result of Plaintiff's lack of familiarity with the Policy's terms, not his belief that the three-year period commenced when his final appeal was denied.  In his Declaration, Plaintiff states that "[he] was never told by anyone that in order to file a legal action, it had to be before three years following the date proof of loss was due" and that "[he] was never told that [Defendant] was insisting upon compliance with insurance contract terms; and therefore, [Plaintiff] did not familiarize [himself] with them."  Pl.'s Decl., ECF No. 31-1 at 2.

**CONCLUSION**

In sum, because the Policy's three-year contractual limitations period is not unreasonably short, and there is no controlling statute preventing the limitations provision from taking effect, the Court finds that the Policy's three-year contractual limitations period is enforceable.  Defendant has met its burden of showing that Plaintiff's action is contractually barred by the limitations provision in the Policy.  Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 13).  The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  October 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT